**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**


**PENNY PITRE**                                                **CIVIL ACTION**

**VERSUS**

                                                               **NO. 21-582-BAJ-EWD**

**CIRCLE K STORES, INC., ET AL.**

## NOTICE

        Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

        In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Signed in Baton Rouge, Louisiana on August 25, 2022.


                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**PENNY PITRE**                                                          **CIVIL ACTION**

**VERSUS**
                                                                         **NO. 21-582-BAJ-EWD**
**CIRCLE K STORES, INC., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (the "Motion"), filed by Penny Pitre ("Plaintiff").

Plaintiff contends that the Court lacks diversity subject matter jurisdiction because non-diverse

defendant, Lashonda Gibson ("Gibson"), is properly joined.[1] The Motion is opposed by Defendant

Circle K Stores, Inc. ("Circle K"), who argues that Gibson is improperly joined, such that her

citizenship should be disregarded.[2] Plaintiff has filed a reply memorandum.[3] The matter is fully

briefed and oral argument is not necessary.

Because Circle K has not borne its "heavy burden" to show that the non-diverse Gibson was

improperly joined, it is recommended[4] that the Motion be granted in part and that this matter be

remanded to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of

Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a). It is further

recommended that Plaintiff's request for an award of costs and attorney's fees under 28 U.S.C. §

1447(c) be denied.

### I.    BACKGROUND

On or about June 4, 2021, Plaintiff filed a Petition for Damages ("Petition") in the Eighteenth

Judicial District Court for the Parish of West Baton Rouge, Louisiana, against Circle K; Gibson, an

---

[1] R. Doc. 5. Plaintiff also seeks an award of costs and attorney's fees under 28 U.S.C. § 1447(c).
[2] R. Doc. 7.
[3] R. Doc. 10.
[4] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

employee of Circle K; and "ABC Insurance Company," the alleged insurer of Circle K and Gibson.[5]

Plaintiff alleges that on June 4, 2020, she was walking in "a slow, normal pace" in a Circle K store in

Port Allen, Louisiana, when she "slipped on a puddle of water that had formed on the floor as a result

of a leaking water cooler, and which caused Plaintiff to slip and fall, resulting in the injuries and

damages sued on herein. No signs or other warnings were given to indicate the presence of the

slipping hazard" (the "Accident"). [6]   Plaintiff alleges that the Accident was caused by the negligence

of Circle K, as well as the negligence of Gibson while in the course and scope of her employment

with Circle K.[7]   Plaintiff says she sustained "severe personal injuries and residual disabilities" to her

left hip, which required surgery, and experienced "great physical pain and suffering."[8]   The Petition

explicitly alleges that Plaintiff's damages exceed $75,000.[9]

On October 12, 2021, Circle K removed the case to this Court on the basis of diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a).[10]   In the Notice of Removal, Circle K alleges that there

is complete diversity of citizenship because Plaintiff is a citizen of Louisiana and Circle K is a Texas

corporation with its principal place of business in Arizona.[11]   Circle K further asserts that, although

Gibson is a Louisiana citizen, her citizenship should be disregarded because she was improperly

joined as a defendant to defeat diversity jurisdiction.[12]   Despite acknowledging that Gibson mopped

the floor in the area where the Accident occurred, Circle K argues in the Notice of Removal that

Gibson has no personal liability to Plaintiff because Plaintiff failed to allege that Gibson owed a

---

[5] R. Doc. 1-2, ¶¶ 1, 5-7.  ABC Insurance Company has not been identified.
[6] R. Doc. 1-2, ¶ 3.
[7] R. Doc. 1-2, ¶ 4 (negligence of Circle K), and ¶ 6.
[8] R. Doc. 1-2, ¶ 8 and *see* ¶ 2 (alleging a permanent injury).
[9] R. Doc. 1-2, ¶ 9.  Plaintiff claims damages for past and future lost wages and medical expenses, and impairment of earning capacity.  *Id.* at ¶ 10.
[10] R. Doc. 1, introductory paragraph, and ¶¶ 11, 25.  The Notice of Removal states that Circle K was served on September 15, 2021, and Gibson was served on September 7, 2021. R. Doc. 1, ¶ 4.  *See* R. Doc. 1-3 and R. Doc. 4-2, p. 11 for the return of service on Circle K, and R. Doc. 4-2, p. 12 for the return of service on Gibson. However, Gibson has not appeared.
[11] R. Doc. 1, ¶¶ 12-14 and *see* R. Doc. 1-2, introductory paragraph.
[12] R. Doc. 1, ¶¶ 15-24.

personal, independent duty to Plaintiff; rather, Plaintiff has only alleged that Gibson failed to perform general administrative duties.[13] Circle K relies on Plaintiff's allegation of damages in excess of $75,000 to establish the requisite amount in controversy.[14]

On October 15, 2021, the Court issued an order, noting that the amount in controversy appeared to be met based on the explicit allegation of damages in the Petition, and that Plaintiff and Circle K were diverse. However, in light of Plaintiff's claims against non-diverse defendant Gibson, who Circle K claimed was improperly joined, Plaintiff was required to either amend her Complaint to delete all claims against Gibson, if she agreed that Gibson was improperly joined, or to seek remand if she believed that Gibson was properly joined.[15]

In response to the Order, Plaintiff filed the Motion, asserting that Gibson was properly named as a defendant because Gibson created the hazard that led to Plaintiff's fall.[16] Circle K timely filed an opposition memorandum, supported by Gibson's affidavit, reiterating its arguments from the Notice of Removal, that Gibson was engaged in general administrative responsibilities and that Plaintiff has not alleged that Gibson owed a personal duty to Plaintiff.[17] In reply, Plaintiff contends that Gibson's affidavit supports Gibson's joinder as a party directly involved in the Accident.[18]

## II.   LAW AND ANALYSIS

### A.  Standard for Remand and Improper Joinder

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[19] When original jurisdiction is based on diversity of

---

[13] R. Doc. 1, ¶¶ 15, 17, 20-24, citing *Brady v. Wal-Mart Stores*, 907 F. Supp. 958, 960 (M.D. La. 1995) (citing *Ford v. Elsbury*, 32 F. 3d 931, 935-36 (5th Cir. 1994)); *Canter v. Koehring*, 283 So.2d 716, 721 (La. 1973); and *Breashears v. Dollar Tree Stores, Inc.,* No. CV 16-16723, 2017 WL 367644, at *2 (E.D. La. Jan. 25, 2017) (other citations omitted).

[14] Circle K also relied on medical information, documentation of which was not included with the Notice of Removal, that allegedly showed that Plaintiff sustained a fractured hip requiring surgery; Plaintiff's boilerplate damage demands; and state court cases involving allegedly similar injuries. R. Doc. 1, ¶¶ 6-10.

[15] R. Doc. 3.  As a fictitious party, the citizenship of ABC Insurance Company is disregarded. 28 U.S.C. 1441(b)(1).

[16] R. Doc. 5-1.

[17] R. Docs. 7 and 7-2.

[18] R. Doc. 10.

[19] 28 U.S.C. § 1441(a).

citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[20]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[21] The removing party has the burden of proving federal diversity jurisdiction.[22] Remand is proper if at any time the court lacks subject matter jurisdiction.[23] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[24]

The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity.[25] If a non-diverse defendant is improperly joined, a district court can disregard the citizenship of that defendant for the purposes of evaluating its jurisdiction.[26]  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[27]  In *Smallwood*, the seminal decision of the United States Court of Appeals for the Fifth Circuit on this issue, the Court "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[28]  There has been no allegation of fraud in the pleading of jurisdictional facts.  Further, Circle K specifically argues improper joinder under the second method, *i.e.*, that Plaintiff is unable to establish a cause of action against Gibson for negligence under the test set forth in the Louisiana Supreme Court's *Canter v. Koehring Co.* decision ("*Canter*").[29]  Therefore, the only

---

[20] 28 U.S.C. § 1332(a)(1).

[21] *Hinkle v. USAA Gen. Indem. Co.*, No. 17-156, 2017 WL 4411052, at *3 (M.D. La. Sept. 11, 2017), report and recommendation adopted, No. 17-156, 2017 WL 4401631 (M.D. La. Sept. 29, 2017), citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[22] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

[23] *See* 28 U.S.C. § 1447(c).

[24] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[25] *McDonal v. Abbott Laboratories,* 408 F.3d 177, 183 (5th Cir. 2005).

[26] *Williams v. Homeland Ins. Co. of New York,* 18 F.4th 806, 812 (5th Cir. 2021), citing *Flagg v. Stryker Corp.,* 819 F.3d 132, 137 (5th Cir. 2016).

[27] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*).

[28] *Smallwood,* 385 F.3d at 573, quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

[29] 283 So.2d 716 (La. 1973) and R. Doc. 7, p. 3.

question before the Court is whether Circle K has shown "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[30]  A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery under state law in one of two ways.  "The court may conduct a Rule 12(b)(6) analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[31]  "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[32]   "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[33]  In contrast, if the plaintiff cannot survive the Rule 12(b)(6) challenge, dismissal of the improperly joined defendant, without prejudice, is warranted.[34]

### B.  Arguments of the Parties

Plaintiff argues that Circle K cannot sustain its heavy burden of proving that Gibson was improperly joined because Gibson "was directly involved in the creation and had knowledge of the hazard which caused Plaintiff to fall."[35]  Circle K admitted in the Notice of Removal that:

> 15.  …As confirmed by the surveillance footage, Gibson mopped the
> front entrance of the store at around 4:21 PM. A "Wet Floor" sign was

---

[30] *Smallwood,* 385 F.3d at 573.  *See also Williams,* 18 F.4th at 812 ("We typically evaluate this question by evaluating whether the plaintiff had any possibility of recovery against the non-diverse defendant in state court at the time of removal.") (citations omitted).

[31] *Smallwood*, 385 F.3d at 573.

[32] *Smallwood*, 385 F.3d at 573.

[33] *Williams,* 18 F.4th at 815 (citations omitted).

[34] *See Montoya v. State Farm Mut. Auto. Ins. Co.*, No. 16-5 (RCL), 2016 WL 5942327, at *3 (W.D. Tex. Oct. 12, 2016), citing *Int'l Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("When a court determines a nondiverse party was improperly joined to defeat diversity, that party must be dismissed without prejudice.").

[35] R. Doc. 5-1, p. 1.

placed in the immediate area where Gibson mopped. Plaintiff fell in
that recently mopped area next to the "Wet Floor" sign at 4:25PM….[36]

Plaintiff argues that, by this statement, Circle K acknowledged Gibson's direct involvement in

creating the condition that caused Plaintiff's injuries, which supports Plaintiff's claims against

Gibson.[37]  According to Plaintiff, several decisions of this Court (and others in this Circuit), such as

*Williamson v. Aramark Schools Facilities*, *LLC,* have found proper joinder requiring remand when

employees are alleged to have had a direct role in the accidents at issue, including creating the

hazard.[38]  Plaintiff contends that other decisions have found proper joinder of employees who had

less connection to the hazard, *i.e.*, did not create the hazard but were aware of it.[39]  Finally, Plaintiff

preemptively argues that Circle K should not be permitted to introduce evidence regarding whether

Plaintiff can show Gibson breached a duty to Plaintiff because "the Fifth Circuit has 'frequently

cautioned the district courts against pretrying a case to determine removal jurisdiction….'"[40]

In opposition, Circle K contends that Plaintiff has no cause of action against Gibson under

*Canter*, in which the Louisiana Supreme Court established the following four criteria for an employee

to be held liable for injuries to third parties: (1) the employer owed a duty of care to the third person,

breach of which caused the damage for which recovery is sought; (2) that duty was delegated by the

employer to the defendant; (3) the defendant employee breached his duty through personal (not

technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party,

---

[36] R. Doc. 5-1, p. 2, citing R. Doc. 1, ¶ 15.
[37] R. Doc. 5-1, pp. 2-3.
[38] R. Doc. 5-1, pp. 3-5, citing *Williamson v. Aramark Schools Facilities, LLC*, No. 16-118, 2017 WL 5761626 (M.D. La. Oct. 30, 2017), report and recommendation adopted*,* No. 16-118, 2017 WL 5760897 (M.D. La. Nov. 28, 2017) and *Marbury v. Cracker Barrel Old Country Store*, No. 18-905, 2019 WL 4667340 (M.D. La. Sep. 6, 2019), report and recommendation adopted*,* No. 18-905, 2019 WL 4655906 (M.D. La. Sept. 24, 2019) (other citations omitted).
[39] R. Doc. 5-1, p. 5, citing *Flitter v. Walmart Stores, Inc.,* No. 09-236, 2009 WL 2136271 (M.D. La. June 19, 2009), report and recommendation adopted*,* No. 09-236, 2009 WL 10678985 (M.D. La. July 15, 2009) (other citations omitted).
[40] R. Doc. 5-1, pp. 6-7, citing *Williamson,* 2017 WL 5761626, at *7 (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).

the breach of which specifically caused the third party's damages.[41]  While not expressly argued as such, Circle K contends that criteria two, three and four are not met.

Beginning with the third criteria, Circle K argues that, other than stating that Gibson "[c]reate[ed] a hazardous condition," Plaintiff has not stated facts explaining how Gibson created the alleged leaking water cooler, or any other hazard.  Similarly, Circle K contends that Plaintiff's allegations that Gibson failed to warn Plaintiff of a hazard lack supporting facts showing that Gibson had knowledge of a hazard and an opportunity to take corrective measures.  Circle K contends that Plaintiff's allegations are legal conclusions not subject to consideration.[42]  Circle K argues that, unlike the non-diverse employee in *Lounsbury v. Winn-Dixie of La.*, who was properly joined because he personally caused the plaintiff to trip after squatting behind the plaintiff,  Plaintiff has not alleged the Gibson "had any personal involvement with Plaintiff or the alleged slip hazard…."[43]  Circle K contends that there are many cases in which courts in this Circuit have found that allegations similar to Plaintiff's were insufficient to support a finding of personal liability on the part of the non-diverse employees, who were found improperly joined.[44]

Circle K further argues that its acknowledgment of the video footage showing that Gibson mopped the floor shortly before Plaintiff fell does not establish that Gibson was properly joined because Plaintiff's Petition does not allege that Plaintiff slipped because someone mopped the floor. Rather, Plaintiff alleged that she slipped as the result of a leaking water cooler.  However, Gibson has submitted an affidavit attesting that there was no leaking water cooler.[45]

---

[41] *Williamson,* 2017 WL 5761626, at *4.  *See* R. Doc. 7, p. 3, citing *Brady*, 907 F.Supp. at 960 (citing *Canter*, 283 So.2d at 721).

[42] R. Doc. 7, p. 4, citing *Breashears*, 2017 WL 367644 (employee improperly joined because he was engaged in general administrative functions).

[43] R. Doc. 7, p. 4, citing *Lounsbury v. Winn-Dixie La., Inc.*, No. 95-2544, 1995 WL 626211, at *1 (E.D. La. Oct. 20, 1995).  Circle K later argues that, had Gibson been behind Plaintiff and mopped the floor without Plaintiff's knowledge and without warning which caused Plaintiff to immediately slip and fall, maybe then Gibson could have breached a personalized duty to Plaintiff.  R. Doc. 7, p. 9.

[44] R. Doc. 7, pp. 5-6, referring to a bulleted list of twenty cases that do not contain explanatory parentheticals.

[45] R. Doc. 7, p. 6, citing R. Doc. 7-2, ¶ 8.

As to the second and fourth *Canter* criteria, Circle K alleges that it did not delegate mopping duty to Gibson and any store employee could have mopped the store. Further, Circle K contends that Gibson, who was not in the area of the store were Plaintiff fell, was an assistant manager with general administrative responsibility of keeping the store clean, and this general responsibility did not give rise to personal liability on Gibson's part.[46] Circle K distinguishes *Williamson* on the basis that, there, the employee who mopped the floor where the plaintiff fell worked for the defendant janitorial company, who was hired on a contract basis to mop the floor. Circle K contends that janitorial employees personally delegated the duty of mopping, as one of their core duties, are "obviously situated quite differently from an assistant manager of a convenience store who has only a 'general administrative responsibility for performance of some function of employment.'"[47]

Circle K argues that the facts of this case are more analogous to three cases from the U.S. District Courts for the Eastern and Western Districts of Louisiana, beginning with *Blanchard v. Circle K Stores, Inc.*,[48] in which the Western District found that the non-diverse store employee owed no personal duty to the plaintiff, despite his knowledge of accumulated rain water near the store entrance twenty minutes before the plaintiff's fall.[49] Circle K argues that the same result should be reached in this case with less egregious facts, because whereas the *Blanchard* non-diverse employee was aware of the accumulated water and nearby when the accident occurred, Gibson was unaware of accumulated water from alleged leaking coolers and was not near Plaintiff when she fell.[50] Circle K also relies on *Gary v. Women & Children's Hosp. of Delaware, LLC*,[51] and *Armond v. Shoney's, Inc.*,[52] in which the Eastern District declined to find that the non-diverse employees owed personal

---

[46] *See* R. Doc. 7-2, ¶ 4, and R. Doc. 7, pp. 6-7.
[47] R. Doc. 7, p. 7.
[48] No. 6:19-CV-00856, 2021 WL 1342958 (W.D. La. Apr. 9, 2021). Defense counsel in this case also represented Circle K in *Blanchard*.
[49] 2021 WL 1342958 at *2.
[50] R. Doc. 7, p. 8, citing R. Doc. 7-2, ¶¶ 8, 10 (attesting that Gibson was in a different part of the store when the Accident occurred).
[51] R. Doc. 7, pp. 8-9, citing No. 16-CV-473, 2017 WL 3880759 (W.D. La. May 26, 2017).
[52] R. Doc. 7, p. 9, citing No. 91-0895, 1991 WL 162120, at *5 (E.D. La. Aug. 9, 1991).

duties to the injured plaintiffs.  Circle K contends that this Court should also find that, since Gibson had only a general duty to mop and clean when appropriate, Plaintiff cannot state a negligence claim against Gibson.[53]

Circle K also relies on Gibson's affidavit, which presents the "facts" that Gibson had nothing to do with a leaking water cooler and had no knowledge of one; that Gibson's mopping responsibilities were not delegated to her and were only general; and that Gibson had no interaction with Plaintiff and did not witness the Accident.[54]

In reply, Plaintiff contends that Gibson's affidavit actually supports Gibson's joinder as a defendant.  Plaintiff argues that Circle K fails to place any emphasis on Gibson's statement that: "Approximately four and a half minutes prior to Ms. Pitre's fall, [Gibson] mopped the area around the water coolers," which statement, Plaintiff argues, shows that Gibson was directly involved with the site of the Accident, and refutes that she was in the passive, administrative role that Circle K attempts to cast her in.[55]  Plaintiff contends that Circle K's argument that any employee could have mopped on the day in question is immaterial because Gibson admitted that she was the employee who personally mopped the area of the floor just moments before Plaintiff fell, and therefore, Gibson can be held personally liable if she negligently created the tripping hazard or failed to discover it.[56]

According to Plaintiff, considering Gibson's attestations, this case is analogous to the Court's *Mathes v. PNK (Baton Rouge) Partnership* decision, which involved a similar employee affidavit submitted with the notice of removal.  In *Mathes*, the non-diverse employee attested that she was working as a custodian at the casino and had mopped the restroom where the plaintiff fell at the time

---

[53] R. Doc. 7, p. 9.
[54] R. Doc. 7, p. 10.  Circle K preemptively argues that, should Plaintiff request it, Plaintiff should not be permitted to engage in discovery to learn facts supporting Gibson's joinder. *Id.*
[55] R. Doc. 10, p. 2, citing R. Doc. 7-2, ¶ 6.
[56] R. Doc. 10, p. 2.

of the incident.[57] This Court found that the non-diverse employee was properly joined and remanded.[58] Further, Plaintiff argues that the factual issues raised by Gibson's affidavit, including the issue of whether there was a leaking water cooler, should not be interpreted in favor of a finding of improper joinder because factual issues are not subject to resolution at this stage.[59]

### C. Circle K Has Not Met Its Heavy Burden of Proving Gibson Was Improperly Joined

#### 1. It is Undisputed that Gibson Mopped the Area of the Accident Minutes Before

This Court has previously explained that in the employee-defendant context, improper joinder is typically found when a plaintiff seeks to impose liability on a non-diverse employee for breaches of his or her general administrative duties.[60] However, this Court has also previously held that a plaintiff can state a claim against an employee who is alleged to have direct participation in (and/or knowledge of) the hazardous condition.[61] In the Petition, Plaintiff alleges that "the accident occurred when Plaintiff [], who was walking inside the store at a slow, normal pace…slipped on a puddle of water that had formed on the floor as a result of a leaking water cooler, and which caused Plaintiff to slip and fall, resulting in the injuries and damages sued on herein. No signs or other warnings were given to indicate the presence of the slipping hazard."[62] As to Gibson, Plaintiff alleges that she was on duty at the time of the Accident and that her negligence caused the Accident in her failure to inspect the premises, failure to report unreasonably hazardous conditions, creation of a hazardous

---

[57] *Mathes v. PNK (Baton Rouge) Partnership,* No. 17-392, 2017 WL 5762434, *3 (M.D. La. Nov. 6, 2017), report and recommendation adopted, No. 17-392, 2017 WL 5760882 (M.D. La. Nov. 28, 2017).

[58] R. Doc. 10, pp. 2-3, citing 2017 WL 5762434 at *7.

[59] R. Doc. 10, p. 4, citing *Carriere,* 893 F.2d at 100 and *Higginbotham v. Donald*, No. 13-646, 2014 WL 1922773, at *4 (M.D. La. May 14, 2014).

[60] *Williamson,* 2017 WL 5761626, at *5 and *Mathes*, 2017 WL 5762434, *4, both citing *Haynes v. Healthcare Services Group, Inc*., No. 13-649, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014), report and recommendation adopted, 2014 WL 2768814 (M.D. La. June 18, 2014) (citing authority) (granting remand due to proper joinder of non-diverse employee who allegedly caused the plaintiff's accident when the employee sprayed an unknown substance on the floor, failed to remedy it, and failed to warn others of it).

[61] *Mathes,* 2017 WL 5762434 at *5**,** citing *Haynes,* 2014 WL 2769080 at *3 (citing *Canter,* 283 So.2d at 721) (quotation omitted); *see also Randolph,* 2010 WL 569753 at *5 (plaintiff stated a claim against store manager by alleging manager was personally involved in injury and had personal knowledge of the unsafe condition of the floor).

[62] R. Doc. 1-2, ¶ 3.

condition, failure to correct the condition, failure to warn of the condition, and general failure to maintain the appropriate standard of care.[63]

In the Notice of Removal, Circle K stated the following: "As confirmed by the surveillance footage, Gibson mopped the front entrance of the store at around 4:21PM. A "Wet Floor" sign was placed in the immediate area where Gibson mopped. Plaintiff fell in that recently mopped area next to the "Wet Floor" sign at 4:25 PM. Gibson had no involvement in this case apart from performing her employment duty of mopping a floor in the afternoon and placing a wet floor sign, a few minutes before Plaintiff walked right past the wet floor sign and fell."[64] The Notice of Removal establishes that Gibson mopped the floor in the area where the Accident occurred just minutes before. In the Petition, Plaintiff alleges that she slipped and fell on a wet floor.[65] While Circle K argues that the Accident was not caused by a leaking water cooler (as alleged in the Petition), for purposes of evaluating whether Plaintiff has stated a claim against Gibson, the salient facts are that Plaintiff alleges she slipped and fell in water in an area Circle K admits Gibson had just mopped. Whether Plaintiff is ultimately able to prove Gibson's personal liability due to mopping the floor is not an appropriate inquiry at this juncture. The question of whether a leaking water cooler, or Gibson's mopping, or both caused Plaintiff to fall is a question for the trier of fact.

2.    Circle K Has Not Negated the Possibility of Gibson's Liability

Once a plaintiff has stated a claim against the non-diverse defendant, the defendant "must come forward with evidence to negate a possibility of liability against the non-diverse defendant."[66] Circle K submitted Gibson's affidavit with its opposition to the Motion. As noted above, Gibson's

---

[63] R. Doc. 1-2, ¶ 5.

[64] R. Doc. 1, ¶ 15. As the removing defendant, Circle K has the burden to establish this Court's subject matter jurisdiction, which includes the "heavy" burden of establishing that a party whose citizenship it seeks to ignore for purposes of jurisdiction is improperly joined. *Cueva v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 201)1, citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 599 (5th Cir. 1999). Therefore, the factual allegations contained in the Notice of Removal are properly considered for purposes of evaluating the joinder issue.

[65] R. Doc. 1-2, ¶¶ 3, 5.

[66] *Mathes,* 2017 WL 5762434 at *5, citing *Randolph*, 2010 WL 569753, at *5 (citing *Travis*, 326 F.3d at 650-51). *See Haynes*, 2014 WL 2769080, at *4, quoting *Randolph*, *supra*.

affidavit raises fact issues to be determined by the factfinder, *e.g.*, whether or not a leaking water cooler caused the Accident, which are not properly resolved at this stage of the case.[67] Although in evaluating whether a defendant is properly joined a court may pierce the pleadings and consider summary-judgment type evidence, that ability is limited to a determination of "discrete and undisputed facts" that preclude the possibility of recovery.[68]

Even if Gibson's affidavit were considered, it is not limited to undisputed facts, nor does it negate the possibility of Gibson's liability; rather, it supports that Gibson may have created and/or had knowledge of a hazard because Gibson admits that she mopped the area of the floor where Plaintiff fell four minutes before the Accident.[69] In support of its contention that Gibson's affidavit shows improper joinder, Circle K cites a magistrate judge's recommendation in *Thomas v. Wal-Mart Louisiana, LLC,* which recommended dismissal of the non-diverse store manager and denial of remand in light of the manager's affidavit where the manager stated that he did not place a pallet in the location where the plaintiff fell or stack the merchandise on the pallet as alleged.[70] Circle K's reliance on the recommendation in *Thomas* is concerning because that recommendation was not adopted by the district court. In fact, on review, the *Thomas* court remanded the case because the store

---

[67] The Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction…." *Carriere*, 893 F.2d at 100. Furthermore, Plaintiff is not required to adopt Circle K's version of the facts, including its contention that there was no leaking water cooler, that Gibson was not near the Accident site, or that a sign was posted warning Plaintiff of the danger. *Compare* R. Doc. 1-2, ¶ 3 (no signs or warnings were given to indicate the presence of the slipping hazard) to R. Doc. 1, ¶ 15 and R. Doc. 7-2, p. 9 (Gibson put a sign on the wet floor). This is also a fact issue to be determined at trial.

[68] *Davidson*, 819 F.3d at 766-67, citing *Smallwood*, 385 F.3d at 573-74 & n. 12 for evidence such as "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be disproved if not true.").

[69] R. Doc. 7-2. *See Williamson*, 2017 WL 5761626 at *7 (deposition testimony of non-diverse employee tortfeasor attached to motion to remand supportive of plaintiff's joinder of employee).

[70] R. Doc. 7, p. 10, citing No. 11-0367, 2011 WL 3359929, *2 (W.D. La. May 6, 2011).

manager was alleged to have failed to remedy the hazard despite knowledge of it.[71]  *Thomas* thus supports remand in this case.[72]

Circle K's argument that Gibson cannot be personally liable because the duty to mop the store was not specifically delegated to her also fails. Under Louisiana law, parties who voluntarily assume certain duties for workplace safety must perform those duties in a reasonable and prudent manner.[73] Circle K admits the Gibson undertook the duty to mop the area where Plaintiff fell.  As with the question of whether Gibson's mopping caused the Accident, so too is the question of whether Gibson undertook the duty to mop in a reasonable and prudent manner a fact issue that cannot be resolved at this stage.[74]

Because Plaintiff has stated a negligence claim against Gibson and Circle K has not come forward with evidence to negate the possibility of Gibson's liability, Circle K has not met its heavy

---

[71] *See Thomas,* No. 11-367, 2011 WL 3418322, **3-5 (W.D. La., Aug. 03, 2011) (declining to adopt finding that manager was improperly joined and recommendation for dismissal of manager).  Like this case, in *Thomas* the facts were conflicting.  The plaintiff in *Thomas* alleged that the store manager created the hazard, and it was within the manager's assigned duties to correct it or to warn customers.  In opposing remand, the defendants attached an affidavit from the store manager, in which she stated that she did not have any hands-on involvement with the hazard; however, she admitted knowledge of the hazard and failure to remedy it.  In that case, the *Thomas* court explained that there are no cases in Louisiana in which a plaintiff stated similar facts, but the employee was absolved of liability under *Canter*.  The *Thomas* court also explained the types of cases where the employee was absolved of liability, which involved facts such as the employee not being present on the site when the accident occurred and/or lack of evidence that the employee/manager personally saw or failed to correct the hazard.

[72] Circle K's other authority on the issue of the affidavit is distinguishable because the affiants in the cited cases denied creation and/or knowledge of the hazard.  R. Doc. 7, p. 10, citing *Dusang v. Lowes Home Centers, Inc.,* No. 08-0821, 2008 WL 3884395, at *2 (W.D. La. July 29, 2008), report and recommendation adopted, No. 08-0821, 2008 WL 11394408 (W.D. La. Aug. 19, 2008) (denying remand in light of uncontroverted affidavit that the non-diverse store employee did not create a hazard and was not aware of one, and *see* this Court's *Flitter* decision, 2009 WL 2136271 at *3, which previously distinguished *Dusang*); *Driver v. Wal-Mart Louisiana, LLC,* No. 09-786, 2009 WL 2913938, at *3 (W.D. La. Sept. 9, 2009) (dismissing two non-diverse managers and denying remand in light of managers' uncontroverted affidavits attesting that they were not the store managers at the time of the accident and one attested he did not place the box that caused the accident); and *Riggio v. Wal-Mart Stores, Inc.,* No. 14-0442, 2014 WL 3378669, at *2 (W.D. La. July 9, 2014) (dismissing non-diverse manager and denying remand in light of non-diverse manager's affidavit denying knowledge of a roof leak in the area of the plaintiff's fall).

[73] *Teaver v. Seatrax of Louisiana, Inc.*, No. 10-1523, 2012 WL 2190875, at *1 (E.D. La. June 14, 2012), citing *Bujol v. Entergy Servs., Inc.*, 2003–0492 (La. 5/25/04); 922 So.2d 1113, 1129 (subsequent history omitted) and *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07–1873, 838 F.Supp.2d 497, 513 (E.D. La. Jan. 18, 2012) ("Louisiana courts have long held that where a person voluntarily undertakes to perform a task, he thereby assumes the duty to exercise reasonable care in the performance of that task....").

[74] *See Higginbotham,* 2014 WL 1922773, at *4 (footnote omitted).  The Fifth Circuit has held that, "'Whether a defendant has *breached* a duty is a question of fact.'"  *Bursztajn v. United States*, 367 F.3d 485, 489 (5th Cir. 2004), quoting *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 4/3/02), 816 So.2d 270, 278 (emphasis added in *Bursztajn*).

burden of proving that Gibson was improperly joined as a defendant.[75]  Further, the Fifth Circuit has

held that the removal statute, 28 U.S.C. § 1441, must be strictly construed and any doubt as to the

propriety of removal should be resolved in favor of remand.[76]  As there is no dispute that Plaintiff

and Gibson are both Louisiana citizens for purposes of diversity jurisdiction and Circle K has not

shown that Gibson was improperly joined as a defendant such that Gibson's citizenship should be

disregarded, Circle K has failed to establish this Court's subject matter jurisdiction over this case

based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

### D.  An Award of Costs and Attorney's Fees is Not Warranted

In the Motion and reply, Plaintiff seeks an award of attorney's fees and costs pursuant to 28

U.S.C. § 1447(c) because Circle K had knowledge that Gibson had a direct role in the Accident due

to her temporal and physical location to the area of the fall, Gibson's mopping of the floor, and the

guidance of the *Mathes* decision.[77]  Plaintiff contends that it was not objectively reasonable for Circle

K to believe that Gibson lacked personal involvement such that Plaintiff has no possibility of recovery

against Gibson.[78] Circle K generally alleges that all costs should be taxed to Plaintiff.[79]

Section 1447(c) provides, in pertinent part, "An order remanding the case may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

removal."[80]  However, there is no automatic entitlement to an award of attorney fees under § 1447(c),

as the clear language of the statute makes such an award discretionary.[81]  In applying § 1447(c), courts

consider "the propriety of the removing party's actions based on an objective view of the legal and

factual elements in each particular case….In other words, the question we consider in applying §

---

[75] *See Smallwood,* 385 F.3d at 573.
[76] *Gasch*, 491 F.3d at 281-82.
[77] R. Doc. 5, p. 1 and R. Doc. 10, p. 5.
[78] R. Doc. 10, p. 5.
[79] R. Doc. 7, p. 11.
[80] 28 U.S.C. § 1447(c).
[81] *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).

1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."[82]

An award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is not warranted in this case.  Weighing in favor of the award are the following: 1) Circle K's reliance on the magistrate judge's recommendation for remand in *Thomas*, which was not adopted by the district court, though it is not clear whether this was a deliberate misrepresentation of the ultimate holding of the case, or a negligent failure to verify whether the recommendation was adopted;[83] and 2) Circle K's heavy reliance on cases from other courts in this Circuit that are distinguishable and that contradict the line of authority from this Court on improper joinder, *e.g., Mathes, Williamson,*[84] *and Marbury*, among many others.[85]  Weighing against an award of fees and costs for the removal is that, on the face of the

---

[82] *Id*. at 293.

[83] R. Doc. 7, p. 10, citing No. 11-0367, 2011 WL 3359929, *2 (W.D. La. May 6, 2011) *but see* No. 11-367, 2011 WL 3418322, **3-5 (W.D. La. Aug. 03, 2011).

[84] The only case Circle K attempted to distinguish was *Williamson* on the ground that the nondiverse employee in that case had personal liability because she was an employee of a contract janitorial company and, therefore, personally delegated the job of mopping the floor, as opposed to Gibson, who mopped the floor in accordance with general managerial responsibilities.  As noted above, if Gibson undertook the duty to mop the floor, she had the obligation to do so in a reasonably prudent manner.  Whether or not she did so is a question that cannot be resolved by discrete, undisputed facts at this point in the litigation. R. Doc. 7, p. 7 and R. Doc. 7-2.

[85] Most of Circle K's cases are either distinguishable on the facts, or not controlling on this Court. While in *Breashears,* 2017 WL 367644 at *2, the Eastern District held that the plaintiff's allegations of negligence against the non-diverse store manager (in negligently stacking the shelves and failing to keep the premises of the establishment safe from hazards) failed to allege that the manager breached a personal duty to the plaintiff, there is no indication that there was an admission such as the one in the Notice of Removal in this case, which establishes that a breach of duty by Gibson is possible. *Blanchard* and *Gary* are procedurally distinguishable, having been decided on the plaintiffs' post-removal motions for leave to amend their complaints to add non-diverse employees, analyzed under *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir. 1987).  This analysis imposes a higher level of scrutiny on a plaintiff's request than ordinary leave to amend.  *Hodges v Discover Property & Casualty Insurance Co.*, No. 10-15, 2011 WL 13237953, at *2 (W.D. Tex. Feb. 17, 2011) (noting a less permissive standard for amendment when seeking to add a non-diverse defendant). *Blanchard* and *Gary* are distinguishable on this basis as Plaintiff named Gibson in the original Petition. However, to the extent that the Western District did not find that the non-diverse store employee/nurse on duty's knowledge of the wet floors prior to the plaintiffs' falls could result in their personal liability, the cases are not controlling and are potentially in conflict with prior decisions of this Court. *Blanchard*, 2021 WL 1342958 and *Gary*, 2017 WL 3880759.  In *Arnold,* the plaintiff alleged the negligence of the non-diverse store employee based on his failure to place a warning sign on the floor he mopped.  The court did not consider whether the mopping employee's creation or knowledge of the wet floor gave rise to liability, as alleged in this case.  The court agreed with the defendants that the employee did not bear a duty to the plaintiff to place a warning sign on the floor because the employee's supervisor testified that placing the sign was her responsibility.  *Armond,* 1991 WL 162120, at *6.  The cases in the bulleted list at R. Doc. 7, pp. 5-6 not otherwise addressed are not reached because Circle K failed to provide any explanations or parentheticals explaining how they have bearing in this case.  However, only one of them, *Johnson v. Packaging Corp. of Am.*, is from this Court, and it is distinguishable. After piercing the pleadings to evaluate the plaintiff's allegations in light of the non-diverse manager's deposition testimony, this Court found that the employee's testimony, relied on by the plaintiff, did not reflect any personal

15

Petition, Plaintiff did not allege sufficient facts to establish Gibson's personal liability;[86] and that it was not Plaintiff, but Circle K, that alleged Gibson mopped the floor in the area of the Accident shortly before.  The boilerplate allegations in the Petition regarding Gibson's general administrative responsibilities as the store manager on duty would not, alone, establish a claim for her personal liability under *Canter*, and, although there is a factual dispute as to what caused the water on the floor that Plaintiff alleges led her to fall, what Plaintiff originally alleged as the cause of the Accident (leaking water cooler) is arguably different than alleging that Gibson's mopping caused Plaintiff to fall. Thus, it cannot be said that Circle K's ground for removing was objectively unreasonable.

### III.  CONCLUSION AND RECOMMENDATION

Circle K has not met its heavy burden of proving that Lashonda Gibson was improperly joined as a defendant in this matter. It is undisputed that Plaintiff and Gibson are both Louisiana citizens for purposes of diversity.  Thus, Circle K has not shown that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a).[87]

Accordingly,

**IT IS RECOMMENDED** that the Motion to Remand,[88] filed by Plaintiff Penny Pitre, be **GRANTED IN PART** and that this matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332(a).

---

responsibility or knowledge in connection with the underlying accident.  *Johnson,* No. 18-613, 2019 WL 1271053, *16 (M.D. La. Feb. 27, 2019).  In contrast, Gibson may have had a direct role in the Accident. *See also, Brady*, 907 F.Supp. at 960, relied on by Circle K in the Notice of Removal and in opposition to remand (R. Doc. 1, p. 6, n.16 and R. Doc. 7, p. 3) (finding that store manager was improperly joined because there was no evidence or allegation of his personal involvement in the accident).

[86] *See Janko v. Fresh Market, Inc*., No. 13-648, 2014 WL 2949306, at *6 (M.D. La. June 27, 2014) (collecting cases rejecting allegations of general failure to properly supervise, inspect or maintain a safe environment, and failure to timely discover and remedy unsafe conditions, or warn of them, as insufficient to establish *Canter* liability).

[87] There are no grounds supporting the exercise of federal question jurisdiction under 28 U.S.C. § 1331.

[88] R. Doc. 5.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request under 28 U.S.C. § 1447(c) for

the costs and attorney's fees associated with filing the Motion be **DENIED**.

Signed in Baton Rouge, Louisiana on August 25, 2022.


_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

17